UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMAR H. MUNROE,

     Petitioner,

v.                                        CASE NO. 6:14-cv-859-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____

### ORDER

Petitioner filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4).   Respondents filed a response to the amended petition in compliance with this Court's instructions (Doc. 7).   Petitioner filed a reply and supplemental reply to the response (Doc. Nos. 13, 15).

Petitioner asserts nine grounds for relief.   For the following reasons, the Court concludes the petition is untimely and must be dismissed.

## I.   PROCEDURAL HISTORY

Petitioner was charged by second amended information with two counts of attempted first degree murder (counts one and two) and aggravated battery with a firearm (count three).   (Doc. 8-1 at 21).   A jury found Petitioner guilty of the lesser-included offense of aggravated assault as to counts one and two and guilty as charged of count three with special findings that Petitioner used and discharged a firearm during the commission of the offenses resulting in great bodily injury as to all counts.   (Doc. 8-

3 at 55-66).   The state court sentenced Petitioner to twenty-five year terms of imprisonment for all counts with the sentences for counts one and three to run concurrently and the sentence for count two to run consecutively to the sentences for counts one and three.   (Doc. 8-4 at 17-23).   Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam* on April 15, 2008.   (Doc. 8-12 at 23).

On January 12, 2010, Petitioner, through counsel, filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he subsequently amended.   (*Id*. at 53-77).   The state court denied the motion.   (Doc. 8-15 at 30-38).   Petitioner appealed, and the Fifth DCA affirmed *per curiam*.   (Doc. 8-16 at 15). Mandate issued on April 11, 2014.   *Id*. at 16.

Petitioner initiated the instant action on May 30, 2014.   (Doc. 1).

## II.   TIMELINESS

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Fifth DCA affirmed Petitioner's convictions on April 15, 2008.   Petitioner then had ninety days, or through July 14, 2008, to petition the Supreme Court of the United States for writ of certiorari.   *See* Sup. Ct. R. 13.[1]   Thus, under § 2244(d)(1)(A), the judgment of conviction became final on July 14, 2008, and Petitioner had through July 14, 2009, absent any tolling, to file a federal habeas corpus petition.   *See*

---

[1]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).   But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

*Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court has expired).   The petition, however, was not filed until May 30, 2014.

The Court is aware that Petitioner filed a Rule 3.850 motion on January 12, 2010; however, because the one-year period concluded before Petitioner initiated that proceeding, the tolling provision of section 2244(d)(2) does not apply to the state collateral proceeding.   *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner argues that he is entitled to equitable tolling.   In support of his argument, Petitioner filed an affidavit attesting that on February 3, 2009, he hired attorney Frank J. Bankowitz ("Bankowitz") to file his Rule 3.850 motion.   (Doc. 15 at 8). According to Petitioner, he told Bankowitz that he "had a sixth month deadline to file the motion for postconviction relief in order to toll and preserve his time for federal review." *Id*.   Petitioner attests that Bankowitz assured him that "there would be no problem and that he'd have the motion done well within six months."   *Id.*   Petitioner maintains he tried to remind Bankowitz via mail between February and April 2009 that he needed to file the motion by August 2009, but Bankowitz was not responsive.   *Id.*   Bankowitz filed

the Rule 3.850 motion in January 2010, which Petitioner attests was five months "past his agreement and promise."   *Id.* at 15.

The Supreme Court of the United States has held that AEDPA's one-year statutory limitation period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases."   *Holland v. Florida*, 560 U.S. 631, 645 (2010).   Equitable tolling is appropriate when a petitioner demonstrates: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).   "The diligence required for equitable tolling purposes is 'reasonable diligence,'. . . 'not maximum feasible diligence. . . .'"   *Id*. at 653 (internal quotations and citations omitted).   To show extraordinary circumstances, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition."   *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

The Eleventh Circuit Court of Appeals has held that "attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required."   *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 481-82 (11th Cir. 2014).   Additionally, "'bad faith, dishonesty, divided loyalty, [and] mental impairment' . . . may . . . serve as extraordinary circumstances that support a claim to equitable tolling."   *Thomas v.*

5

*Attorney Gen., Fla.*, 795 F.3d 1286, 1292 (11th Cir. 2015) (quoting *Holland v. Florida*, 539 F.3d

1334, 1339 (11th Cir. 2008), *rev'd on other grounds*, *Holland v. Florida*, 560 U.S. 631 (2010)).

"Affirmative misrepresentations by counsel about the filing of a state habeas petition can

constitute extraordinary circumstances that warrant equitable tolling."   *Roper v. Dep't of*

*Corr.*, 434 F. App'x 786, 790 (11th Cir. 2011).   As explained by the Eleventh Circuit:

> It is well settled that "[t]he burden of proving circumstances that justify the
> application of the equitable tolling doctrine rests squarely on the
> petitioner."  *San Martin,* 633 F.3d at 1268.   A petitioner "must plead or
> proffer enough facts that, if true, would justify an evidentiary hearing on
> the issue."   *Hutchinson v. Florida,* 677 F.3d 1097, 1099 (11th Cir. 2012).
> "And the allegations supporting equitable tolling must be specific and not
> conclusory."   *Id.*   In light of the petitioner's burden, district courts are not
> "required to mine the record, prospecting for facts that the habeas
> petitioner overlooked and could have, but did not, bring to the surface."
> *Chavez,* 647 F.3d at 1061.

*Lugo v. Sec'y, Fl. Dep't of Corr.*, 750 F.3d 1198 (11th Cir. 2014).

Petitioner has offered evidence demonstrating that he hired an attorney to file his

Rule 3.850 motion on February 3, 2009, and that his attorney assured him that he would

file the motion by August 2009 but did not do so.   Petitioner, however, incorrectly

calculated the deadline for filing his federal petition to be in August 2009, when in fact

the deadline was July 14, 2009.   Petitioner's own miscalculation of the deadline does not

qualify as an extraordinary circumstance for purposes of equitable tolling.   Therefore,

accepting Petitioner's attestations as true, Petitioner may have demonstrated that some

extraordinary circumstance stood in his way through July 14, 2009, to prevent his timely

filing of the petition.   However, Petitioner has not established that an extraordinary

6

circumstance prevented him from filing his petition after July 14, 2009, or that he exercised due diligence in pursuing his rights after this date.

Although Petitioner contends he attempted to remind Bankowitz via mail between February and April 2009 that the Rule 3.850 motion needed to be filed by August 2009, Petitioner took no action when he failed to receive a response from Bankowitz. Petitioner knew when he hired Bankowitz that he had approximately six months remaining in which to timely file his federal habeas petition or to file a state post-conviction motion to toll the remaining limitation period. Despite knowing of the approaching deadline and that Bankowitz had not responded to his communications or notified Petitioner that the Rule 3.850 motion had been filed, Petitioner took no action for more than eight months. Petitioner offers no reason why he did not take any further action after he failed to receive a response from Bankowitz or a notification that the Rule 3.850 motion had been filed. Given these circumstances, the Court finds Petitioner did not exercise reasonable diligence in pursuing his rights after July 14, 2009. *Cf. Roper,* 434 F. App'x at 791 n.5 (concluding the petitioner demonstrated due diligence because "[u]pon being told by counsel that a Rule 3.850 motion had been filed, [the petitioner] was not required to discount counsel's representation in order to show 'reasonable diligence.'").

The Court concludes Petitioner has provided evidence that if true would establish that counsel's assurance he would file the Rule 3.850 motion within the one-year

limitation period was an extraordinary circumstance that prevented Petitioner from timely filing his petition.   Likewise, Petitioner has demonstrated that he exercised due diligence in pursuing his rights through July 14, 2009, at the latest.   Thus, Petitioner would arguably be entitled to equitable tolling from February 3, 2009, through July 14, 2009.   Petitioner, however, is not entitled to equitable tolling after July 14, 2009.

On July 14, 2009, Petitioner had 161 days[2] of the one-year period remaining in which to timely file his federal habeas petition or a state post-conviction motion to toll the federal limitation period.   Therefore, from July 14, 2009, Petitioner had until December 22, 2009, to timely file his petition or a tolling motion.   Petitioner's Rule 3.850 motion, however, was not filed until January 12, 2010, after the limitation period concluded.[3]  Thus, the Rule 3.850 motion did not toll the limitation period. Consequently, even with equitable tolling, the instant petition was not timely filed.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

### III.    CERTIFICATE OF APPEALABILITY

---

[2] Petitioner's one-year period began to run on July 14, 2008, and ran for 204 days before he hired Bankowitz on February 3, 2009.   Therefore, at the conclusion of the equitable tolling period on July 14, 2009, Petitioner had 161 (365–204=161) days remaining in which to timely file his petition.

[3] Furthermore, Petitioner waited an additional 49 days after his Rule 3.850 proceedings concluded to file his federal habeas petition.

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.   Petitioner has failed to make a substantial showing of the denial of a constitutional right.    Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED**, and

this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

**DONE AND ORDERED** in Orlando, Florida, this 19th day of February, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Omar H. Monroe
Counsel of Record